(70 South. 37)·

No. 20137.

HIBERNIA BANK & TRUST CO. v. DRESSER.

(Oct. 18, 1915. Rehearing Denied Nov. 15, 1915.)

*(Syllabus by the Court.)*

ESTOPPEL ☞68—GARNISHMENT—ANSWER BY SECRETARY—OBJECTION—WAIVER — MOTION FOR JUDGMENT.

Where the plaintiff in execution traversed the answers to interrogatories in garnishment filed by the secretary of a corporation, which appeared by counsel and resisted the traverse, such plaintiff is concluded from disputing the capacity of the secretary to represent the corporation and from moving for a judgment pro confesso as if no answers had been filed.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. ☞68.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the Hibernia Bank & Trust Company against John M. Dresser, in which the Atchafalaya Land Company, Limited, and others, were made garnishees. From a judg-

ment denying motion for judgment pro confesso, against the named garnishee, plaintiff appeals. Affirmed.

McCloskey & Benedict, of New Orleans, for appellant. Foster, Milling, Saal & Milling, of New Orleans, for appellee.

LAND, J. In the year 1912 the plaintiff obtained judgment in the court below against the defendant in the sum of $60,000, with interest and costs.

The plaintiff, after causing a writ of fieri facias to issue on said judgment, propounded interrogatories to the Atchafalaya Land Company as garnishee. The citation in garnishment was addressed to said company "through its proper officer," and was served on said company at its office, by leaving same in the hands of Miss M. A. Dresser, its secretary; the president and other superior officers being absent at the time of service.

The Atchafalaya Land Company, as garnishee, appeared through its secretary treasurer, Miss Mabel A. Dresser, and answered all the interrogatories in the negative. Attached to the answers was an affidavit in the following words:

"Before me, the undersigned authority, personally came and appeared Miss Mabel A. Dresser, who, being by me first duly sworn, deposes and says that she is the secretary and treasurer of the Atchafalaya Land Company, limited, made garnishee in the above entitled and numbered cause, and that all the answers given by said corporation to the interrogatories propounded to it as garnishee are true and correct."

It may be here stated that the charter of said company contained the following provision:

"The domicile of this corporation shall be in the city of New Orleans, parish of Orleans, state of Louisiana. All citations and other legal process shall be served upon its secretary at the office of the company in the city of New Orleans, and in his or her absence upon any other officer of the company."

Plaintiff filed a motion, reciting that the "plaintiff in the garnishment proceedings

heretofore issued and served upon" five named garnishees, including the "Atchafalaya Land Company," and "on suggesting that said defendants, garnishees, have filed answers herein on the interrogatories propounded to and served upon them, and that the answers of said garnishees are erroneous, evasive, and incomplete, and that plaintiff desired to traverse the same," moved for an order of court that "each and every one of said garnishees show cause why their answers should not be decreed to be erroneous, evasive, and incomplete, and why judgment should not be rendered against them respectively in the amount of the writ issued on the judgment in the suit." This rule to show cause was served on the Atchafalaya Land Company "by personal service on Edward Wisner, its president."

All of these garnishees appeared by counsel and excepted to the rule to traverse their answers, on the ground of a misjoinder of parties, and that therefore same should be dismissed, and the defendants discharged from the rule and garnishment.

The record does not show what disposition was made of this exception. Plaintiff procured a writ of subpœna duces tecum directing the Atchafalaya Land Company, through its proper officers, to produce in open court the bank books, stubs, canceled checks, cashbooks, and ledgers of said company from January 1, 1909, to the date of the trial. A copy of this subpœna was served on said company by personal service on Edward Wisner, its president.

The Atchafalaya Land Company appeared by counsel and excepted to the order granting the subpœna, for the reason that under the traverse as filed by the plaintiff no evidence whatever was admissible, and on other grounds. The same company also appeared through M. A. Dresser, secretary, and produced certain documents and submitted the same as a sufficient answer to the writ, at the same time expressing its readiness to produce the books, should the court so require.

The rule to traverse was taken up, and on May 10, 1912, evidence was adduced and the case continued for further hearing. Three days after the evidence was adduced plaintiff, nunc pro tunc, filed the following motion:

"And now into this honorable court, through undersigned counsel, comes the Hibernia Bank & Trust Company, plaintiff herein and petitioner in execution and garnishment against the Atchafalaya Land Company, and suggesting that the Atchafalaya Land Company has been duly served with process of garnishment herein, and that the legal delays have elapsed, and that said Atchafalaya Land Company has failed to make a legal return herein within said legal delays, appearer respectfully moves the court to enter up judgment pro confesso against the Atchafalaya Land Company in the full amount of the writ herein issued, interest, and attorney fees and costs."

The court rendered judgment denying the motion, and the plaintiff has appealed.

Plaintiff relies for reversal of the judgment below on the following proposition:

That the secretary cannot be personally served to bring a corporation into court, and cannot personally bring it in, unless specially authorized.

We do not think it necessary to pass on that proposition in the case before us, for the reasons hereinafter stated.

The law in other jurisdictions is thus stated in Thompson on Corporations (2d Ed., 1909) vol. 3, p. 1294, par. 3378:

"Obviously a statute requiring a garnishee to appear personally and answer interrogatories cannot apply in strictness to a corporation. The answer must be made for the corporation by its proper officer. If the statute requires the disclosure to be made by a designated officer or agent, then the statute must be followed. If the statute makes no designation, then the disclosure should be made by some officer having knowledge of the facts and having authority to bind the corporation by his declarations or admissions. In one case it was held that the authority of the officer to make the disclosure was sufficiently shown by his testimony that he was the assistant treasurer of the corporation."

The plaintiff not only cited the corporation through its secretary, but traversed her

answers as those of the corporation, and the corporation treated the answers of the secretary as its own. We are of opinion that the plaintiff is concluded from questioning the representative capacity of the secretary under the facts and circumstances of this case. A litigant is bound by his judicial acts and admissions, and will not be permitted to assume contradictory positions during the progress of a cause and the court rest their decree on this principle of estoppel.

After the issues were made up, and the case was called for trial, it was too late for the plaintiff to shift its position by a denial of the representative capacity of the officer through whom the corporation had answered.

Judgment affirmed.

PROVOSTY and O'NIELL, JJ., concur in the decree.